**Department of General Services v. Firetree Ltd.**

C.P. of Berks County, no. 08-6671.

*David L. Narkiewicz,* for Commonwealth/appellee.
*Daniel F. Schranghamer,* for defendant/appellant.

SCHMEHL, J.L., *P.J.,* October 17, 2008—At issue is an appeal by defendant/appellant Firetree Ltd. from this court's order of July 16, 2008.

## I. BACKGROUND

On March 22, 2004, Firetree entered into a four-year written lease with the Department of General Services (DGS), so that Firetree could operate a drug and alcohol treatment and community correction center at the Wernersville State Hospital. On May 24 and 29, 2007, DGS informed Firetree in writing that DGS was exercising its option not to renew the lease, which was proper notice under the terms of the lease and the law. On May 27, 2008, DGS filed a complaint and confession of judgment in ejectment against Firetree Ltd. for possession of buildings 18, 19, 27, 29 and 30. On June 14, 2008, Firetree was personally served with a "confession of judgment package."

On July 10, 2008, Firetree filed a petition to strike and/or open judgment by confession, to stay proceedings pending resolution, and to strike impertinent and irrelevant allegations with counterclaim for damages. On July 14, 2008, this court ordered DGS to show cause in five days regarding Firetree's petition. On July 15, 2008, DGS filed its answer, as well as its motion to

dismiss counterclaims for lack of jurisdiction and new matter.

This court heard a full day of arguments on July 15, 2008, and entered an order on July 16, 2008 which: denied defendant Firetree's petition to strike and/or open judgment by confession; dismissed as moot Firetree's petition to strike impertinent and irrelevant allegations; denied and/or transferred to the Pennsylvania Board of Claims Firetree's counterclaim for damages; and, granted a 30-day period in response to Firetree's request for stay of ejectment proceedings.

On July 18, 2008, Firetree filed with the Commonwealth Court a notice of appeal of the July 16, 2008 order. On July 21, 2008, this court entered an order directing Firetree to file a concise statement of matters complained of on appeal (Rule 1925(b) statement), which Firetree later timely filed. On August 6, 2008, the Commonwealth Court of Pennsylvania denied Firetree's application for expedited stay, and allowed DGS to proceed with the scheduled ejectment on August 31, 2008. The Commonwealth Court based its ruling on Firetree's failure to meet the four requirements for a stay, or supersedeas.

On August 11, 2008, Firetree filed its Rule 1925(b) statement.

## II. ANALYSIS

This case involves a commercial lease entered into by DGS and Firetree on March 22, 2004. Firetree is a nonprofit corporation that operates drug and alcohol treatment and community correction centers in several loca-

tions in central and eastern Pennsylvania. Firetree entered into the lease with DGS so that Firetree could operate a drug and alcohol treatment and community correction center at the Wernersville State Hospital in Wernersville, Berks County, Pennsylvania.

In its Rule 1925(b) statement, Firetree based its appeal on three claims: the trial court denied Firetree's petition prematurely; the confessed judgment was riddled with fatal defects and irregularities; and the confessed judgment should be opened because the condition precedent for confessing judgment has not been satisfied.

## A. *Whether the Trial Court Denied Firetree's Petition Prematurely*

In its Rule 1925(b) statement, Firetree argues that the July 15, 2008 hearing was converted into a final hearing. This court finds neither this line of reasoning, nor the cases Firetree cited, to be persuasive. Firetree argued that because the court ruled on all of the motions Firetree had brought before the court in its July 10, 2008 filings, this converted the July 15, 2008 hearing into a final ruling on the entire case. Firetree itself put the motions before this court and argued those motions at the July 15 hearing, and the court subsequently ruled on them. The court was trying to limit this prolonged action, and further delay tactics by the part of Firetree. It would have been pointless to retry the issues of the petition to strike and/ or open judgment by confession and to strike impertinent and irrelevant allegations separately, as these claims were argued before the court and resolved by evidence given at the July 15 hearing. There would have been no point in relitigating these issues separately from the stay pro-

ceedings, especially when the other matters were already before this court.

In the cases Firetree relied on in its 1925(b) statement, both fact patterns related to preliminary injunctions which prejudiced the defendant, the moving party. In the instant case, however, Firetree brought its own motions before the court and argued for them at the hearing. After a full day's hearing, this court found that the terms of the contract between Firetree and DGS were clear, and that Firetree was not entitled to the relief sought. It was within the court's purview to dismiss Firetree's July 10, 2008 filings at the hearing on July 15.

## B. *Whether the Confessed Judgment Was Riddled With Fatal Defects and Irregularities*

In its Rule 1925(b) statement, Firetree argues that there were numerous defects with the confessed judgment because DGS allegedly didn't provide Firetree with: proper notice of Firetree's rights as mandated by Pa.R.C.P. 2973.3(a); a copy of lease document attached to the complaint attested to by agreement of the parties or by the prothonotary as mandated by Berks County Local Rule 2951(a); all of the allegations mandated by Pa.R.C.P. 2971(a)(1) in the complaint; and the order of judgment executed by the prothonotary.

Thus, Firetree has claimed it did not receive various necessary portions of the confessed judgment, and other necessary documents. After hearing a full day of testimony on July 15, 2008, the court is satisfied that Firetree received these documents. The court believes DGS to

have been compliant, and if not, any noncompliance was de minimis.

Firetree argued it did not receive the two pages of the confessed judgment. All other defendants, as well as the prothonotary, received those pages. In this "he said, she said" argument, where one party says it did not receive a document, it was this court's judgment, based on the totality of the circumstances, that the full document was sent. All evidence points to the likelihood Firetree received these documents.

### C. *Whether the Confessed Judgment Should Be Opened Because the Condition Precedent for Confessing Judgment Has Not Been Satisfied*

As explained above, the condition precedent has been satisfied, and as this court held in its July 16, 2008 order, the confessed judgment should not be opened. The language of the lease clearly lays out the terms for terminating the lease. The lease between Firetree and DGS states that if tenant Firetree did not vacate the property within 90 days of notice of termination of the lease, there would be a confessed judgment against Firetree. This court previously found, and still believes, that Firetree's arguments that these provisions should not be enforced are without merit.

Under the term of lease section of the lease, paragraph (D)(1), the lease was to be effective for a term of four years after the March 22, 2004 date of execution. Under that same paragraph, the lessee was to be provided the "option of two five-year renewal periods *provided that neither lessee nor lessor had terminated the lease agree-*

*ment by giving written notice 90 days prior to the end of said term.*" (emphasis added)

Under the confession of judgment section of the lease, paragraph (G)(1), "[u]pon proper termination of the lease agreement as herein provided, any attorney may immediately appear for the lessee in an amicable action of ejectment to be brought by lessor in any competent court, for the recovery of the demised premises and damages for the detention thereof, and therein confess judgment against the lessee, for which this lease agreement (or a true copy thereof) shall be a sufficient warrant . . . ."

Under the general rent section of the lease, paragraph (A)(1), "[t]he lessor agrees to provide the lessee with a dollar for dollar offset of the rental for any lessor-approved renovations made to the premises under paragraph (C)(2) of this agreement. It is hereby mutually agreed that that total amount of the offset is up to $1,600,000 at Wernersville for the present occupation. The rental offset will be prorated on a monthly basis *over the term of the lease or renewal of the lease* . . . ." (emphasis added)

In accordance with lease and the above sections, if Firetree did not vacate the premises after 90 days' notice, Firetree would be subject to ejectment from the property. Firetree claims DGS' treatment was improper because Firetree was not allowed to offset the total value of the improvements made over the term of its tenancy, and as a result, the lease had not yet expired. However, whether the improvements made should be offset against the rent during the term of the lease is a monetary question which can still be litigated by Firetree against DGS in the Pennsylvania Board of Claims. It should not affect

the ejectment action, nor the timing of it. The Commonwealth is entitled to the use of their property. As this court held in its July 16, 2008 order, the terms of the lease could not be clearer: Firetree was given notice of termination, 90 days elapsed, and the confessed judgment provision then took effect. Further, under 71 P.S. §632(i), relating to grounds, buildings, and monuments in general in the Administrative Codes, Commonwealth leases are limited to a period of five years. Additionally, Firetree has been evicted for some time, additional litigation has commenced, and this court questions whether or not this matter is in fact moot.

Therefore, for all of the above reasons, this court respectfully recommends that the instant appeal be denied.